# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD WHEDON,<br><br>    Plaintiff,<br><br>vs.<br><br>CHECKR, INC.,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant Checkr, Inc. (hereafter "Checkr"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended* and the Revised Code of Washington ("RCW"), § 19.182.040.

2. Defendant Checkr is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of

COMPLAINT - 1

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave. NE | Bellvue, WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

protections that impose strict procedural rules on consumer reporting agencies such as Checkr. This action involves Defendant Checkr's violation of several of those important rules.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and has independent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of difference states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Donald Whedon is an adult individual residing in Everett, WA.

8. Defendant Checkr is a business entity that regularly conducts business in the Western District of Washington, and which has its headquarters and a principal place of business located at 2505 Mariposa Street, San Francisco, CA 94110.

## FACTUAL ALLEGATIONS

9. In or around February 2019, Plaintiff was attempting to continue his employment with Lyft, Inc. ("Lyft"), and commence employment with Uber Technologies, Inc ("Uber").

10. As a condition of continued employment with Lyft, and employment with Uber, Lyft and Uber requested consumer reports from Checkr, and Checkr sold to Lyft and Uber consumer reports concerning Plaintiff in or around February 2019.

11. The reports furnished by Checkr was for employment purposes.

12. The consumer reports contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Lyft and Uber.

13. It was not reasonably expected that Plaintiff's salary at Lyft or Uber individually would equal or exceed $20,000 per year.

COMPLAINT - 2

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave. NE | Bellvue, WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

14. The consumer reports sold by Defendant include criminal offense records that were over seven years old and were not to be reported pursuant to state law (hereinafter "out-of-date records"). The out-of-date records appearing on the consumer report Checkr sold about Plaintiff to Lyft and Uber are as follows: "FTR AFTER WRITTEN PROMIS TO APP, MISDEMEANOR," and "BURGLARY 2ND DEGREE, FELONY."

15. In creating and furnishing the Plaintiff's consumer reports, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff, and instead violated state law by including out-of-date records that antedated the report by well over seven (7) years.

16. Defendant, as a result of its unreasonable procedures, produced a consumer report that failed to properly limit the records reported to seven (7) years from the date of the report in accordance with state law.

17. Defendant has been reporting the out-of-date records through the issuance unlawful consumer reports that they have disseminated to various persons and prospective employers, both known and unknown.

18. Plaintiff was subsequently denied continued employment at Lyft and Uber, was suspended from his ability to continue to drive for Lyft and Uber, and Plaintiff was informed by Lyft and Uber that the basis for this denial and suspension was the inclusion of the out-of-date records on Plaintiff's Checkr consumer reports, that the out-of-date records were a substantial factor for the denial and suspension.

19. In response, Plaintiff disputed in writing to Defendant contesting Defendant's inclusion of the out-of-date records in the reports sold to Lyft and Uber.

20. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, has failed to remove the out-of-date records, and has continued to report the out-of-date records about the Plaintiff.

COMPLAINT - 3

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave. NE | Bellvue, WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

21. Plaintiff's consumer reports and file have been obtained from Defendant and have been reviewed by prospective employers, and the out-of-date records have been a substantial factor in precluding Plaintiff from receiving employment opportunities, known and unknown.

22. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, delayed employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE

## VIOLATIONS OF THE FCRA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Defendant Checkr is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

Christopher E. Green | GreenLawFirm PS
225 106th Ave. NE | Bellvue, WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

30. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO

## VIOLATIONS OF THE RCW

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. At all times pertinent Defendant Checkr was a "person[s]" and "consumer credit reporting agenc[ies]" as those terms are defined by RCW § 19.182.010(5).

33. Plaintiff is a "consumer" as that term is defined by RCW § 19.182.010(2).

34. The above-mentioned consumer reports were "consumer credit reports" as that term is defined by RCW § 19.182.010(4)(a).

35. In violation of RCW § 19.182.040, Checkr failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates, when it prepared consumer reports about Plaintiff, and when it included the out-of-date records in the reports it sold to Uber and Lyft.

36. Pursuant to RCW § 19.182.150, Checkr is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer credit reporting agency.

37. Checkr's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, they are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

COMPLAINT - 5

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave. NE | Bellvue, WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

**JURY TRIAL DEMAND**

38. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

BY: *s/ Christopher Green*
CHRISTPHER E. GREEN, ESQUIRE
GREENLAWFIRM PS
225 106th Ave. NE
Bellvue, WA 98005
(206) 686-4558

*s/ Joseph L. Gentilcore*
JOSEPH L. GENTILCORE, ESQUIRE
FRANCIS & MAILMAN, P.C.
1600 Market St., Suite 2510
Philadelphia, PA 10103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jgentilcore@consumerlawfirm.com
*(Pro Hac Vice Forthcoming)*

***Attorneys for Plaintiff***

COMPLAINT - 6

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave. NE | Bellvue, WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410